## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

Charlene Davis Breland,
f/k/a Charlene Breland,

Plaintiff

v.

United States of America,

Defendant

**COMPLAINT**

Civil Action No. 5:10-cv-00007
(GTS/GHL)

1. This is a suit arising under the Internal Revenue Code of 1986, as amended (26 U.S.C. §§1 et seq.¹), for the recovery of Federal income taxes paid by Plaintiff, Charlene Davis Breland, formerly known as Charlene Breland, for calendar years 2001, 2002, and 2003.

## JURISDICTION; VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1346(a)(1).

3. Venue is appropriate under 28 U.S.C. §1402(a)(1).

## PARTIES

4. Plaintiff, Charlene Davis Breland (formerly Charlene Breland), is a citizen of the United States who presently resides at ⁊ Avenue, Syracuse, New York, ⁞

5. Defendant is the United States of America.

---

¹ All references herein to the Internal Revenue Code are to the Internal Revenue Code (Title 26 of the United States Code) as in effect during the years at issue.

## COUNT I (Calendar Year 2001)

6. Plaintiff filed her Federal income tax return for calendar year 2001 (Plaintiff's "2001 Return") on or about August 19, 2002.

7. On her 2001 Return, Plaintiff filed as "head of household" pursuant to 26 U.S.C. §2(b); and, after claiming a child tax credit (26 U.S.C. §24(a)) and dependency exemptions (26 U.S.C. §§151 (a) and (c)(1)) with respect to her sons, Plaintiff reported a Federal income tax liability of $0.

8. On her 2001 Return, Plaintiff reported income taxes withheld, pursuant to 26 U.S.C. §3402, of $895.

9. On her 2001 Return, Plaintiff also claimed an additional child tax credit (26 U.S.C. §24(d)) of $769; and an earned income credit (26 U.S.C. §32) of $3,042, with respect to her two sons.

10. As a consequence of the foregoing, on her 2001 Return, Plaintiff claimed a refund of $4,706 ($895 + $769 + $3,402).

11. After filing her 2001 Return, Plaintiff received a Notice of Income Tax Examination Changes (Form 4549) from the Internal Revenue Service, which Notice proposed to disallow Plaintiff's earned income credit, child tax credits, head of household filing status, and dependency exemptions. The Notice also proposed an additional Federal income tax of $1,234. Ultimately, because Plaintiff did not file a Petition with the United States Tax Court contesting the Internal Revenue Service's proposed deficiency, all of the Internal Revenue Service's proposed changes were properly given legal effect.

12. Pursuant to 26 U.S.C. §§32(a)(1), Plaintiff qualifies for the earned income credit because Plaintiff is an "eligible individual," as defined in 26 U.S.C. §32(c)(1)(A)(i). Plaintiff qualifies as an "eligible individual" because each of her two sons, C. H. and A. H., is a "qualifying child," as defined in 26 U.S.C. §32(c)(3). In order to be a "qualifying child" a child must: (a) bear a relationship to the taxpayer specified in 26 U.S.C. §32(c)(3)(B)(i)(I); (b) reside in the same principal place of abode as the taxpayer for more than one-half of such taxable year (26 U.S.C. §32(c)(3)(A)(ii)); and (c) meet the age requirements of 26 U.S.C. §32(c)(3)(C). Both C. H. and A.H. are the Plaintiff's birth sons (§32(c)(3)(B)(i)(I)), under age nineteen (§32(c)(3)(C)(i)), and were residents of the same principal place of abode as Plaintiff throughout 2001 (§32(c)(3)(A)(ii)).

13. Pursuant to 26 U.S.C. §151(c)(1)(B), Plaintiff properly claimed each of her two sons as personal exemptions because each child was her "dependent," as defined in 26 U.S.C. §152(a)(1), and had not attained the age of nineteen at the close of the 2001 calendar year. Pursuant to 26 U.S.C. §152(a)(1), a son is the dependent of a taxpayer if the taxpayer provided over half of the son's support during the taxable year. Plaintiff provided over half of each of her son's support during 2001.

14. Pursuant to 26 U.S.C. §2(b)(1)(A)(i), Plaintiff properly filed as head of household, because she was an unmarried individual who maintained a household which constituted her sons' principal place of abode for more than one-half of 2001.

15. Pursuant to 26 U.S.C. §§(24)(a) and (d), Plaintiff properly claimed a child tax credit and additional child tax credit with respect to her two sons, because each was a "qualifying child," as defined in 26 U.S.C. §24(c)(1). Pursuant to 26 U.S.C. §24(c)(1),

3

an individual is a "qualifying child" with respect to the taxpayer if the taxpayer is allowed a personal exemption under 26 U.S.C. §151 with respect to the child; the child has not attained the age of seventeen as of the close of the calendar year; and the child bears a relationship to the taxpayer described in 26 U.S.C. §32(c)(3)(B). Plaintiff satisfied all of these requirements with respect to her two sons.

16. Plaintiff has never received a refund of the $4,706 claimed on her 2001 Return.

17. Formal notice of disallowance of Plaintiff's refund claim with respect to her 2001 Return has not been issued by Defendant. Because six months have expired since the filing of Plaintiff's refund claim, Plaintiff may begin this suit under 26 U.S.C. §7422(a), pursuant to 26 U.S.C. §6532(a)(1).

### COUNT II (Calendar Year 2002)

18. Plaintiff filed her Federal income tax return for calendar year 2002 (Plaintiff's "2002 Return") on or about April 4, 2004.

19. On her 2002 Return, Plaintiff filed as "head of household" pursuant to 26 U.S.C. §2(b); and, after claiming a child tax credit (26 U.S.C. §24(a)) and dependency exemptions (26 U.S.C. §§151 (a) and (c)(1)) with respect to her sons, Plaintiff reported a Federal income tax liability of $0.

20. On her 2002 Return, Plaintiff reported income taxes withheld, pursuant to 26 U.S.C. §3402, of $270.

21. On her 2002 Return, Plaintiff also claimed an additional child tax credit (26 U.S.C. §24(d)) of $87, and an earned income credit (26 U.S.C. §32) of $4,140, with respect to her two sons.

22.     As a consequence of the withheld income taxes and the earned income credit, Plaintiff's 2002 Return claimed a refund of $4,497 ($270 + $87 + $4,140).

23.     The Internal Revenue Service properly applied $357 of Plaintiff's claimed refund to a prior Federal income tax liability.

24.     Shortly after filing her 2002 Return, Plaintiff received notice that the Internal Revenue Service was disallowing Plaintiff's earned income credit because Schedule EIC was incomplete or not attached to her 2002 Federal income tax return. Plaintiff promptly sent to the IRS a completed Schedule EIC and Form 8862.

25.     Pursuant to 26 U.S.C. §§32(a)(1), Plaintiff qualifies for the earned income credit because Plaintiff is an "eligible individual," as defined in 26 U.S.C. §32(c)(1)(A)(i). Plaintiff qualifies as an "eligible individual" because each of her two sons, C. H. and A. H., is a "qualifying child," as defined in 26 U.S.C. §32(c)(3). In order to be a "qualifying child" a child must: (a) bear a relationship to the taxpayer specified in 26 U.S.C. §32(c)(3)(B)(i)(I); (b) reside in the same principal place of abode as the taxpayer for more than one-half of such taxable year (26 U.S.C. §32(c)(3)(A)(ii)); and (c) meet the age requirements of 26 U.S.C. §32(c)(3)(C). Both C. H. and A.H. are the Plaintiff's birth sons (§32(c)(3)(B)(i)(I)), under age nineteen (§32(c)(3)(C)(i)), and were residents of the same principal place of abode as Plaintiff throughout 2001 (§32(c)(3)(A)(ii)).

26.     Plaintiff has never received a refund of the $4,140 earned income credit claimed on her 2003 Return.

27.     Formal notice of disallowance of Plaintiff's refund claim with respect to her 2002 Return has not been issued by Defendant. Because six months have expired

since the filing of Plaintiff's refund claim, Plaintiff may begin this suit under 26 U.S.C. §7422(a), pursuant to 26 U.S.C. §6532(a)(1).

### COUNT III (Calendar Year 2003)

28. Plaintiff filed her Federal income tax return for calendar year 2003 (Plaintiff's "2003 Return") on or about April 15, 2004.

29. On her 2003 Return, Plaintiff filed as "head of household" pursuant to 26 U.S.C. §2(b); and, after claiming dependency exemptions (26 U.S.C. §§151 (a) and (c)(1)) with respect to her sons, Plaintiff reported a Federal income tax liability of $0.

30. On her 2003 Return, Plaintiff reported income taxes withheld, pursuant to 26 U.S.C. §3402, of $511.

31. On her 2003 Return, Plaintiff also claimed an earned income credit (26 U.S.C. §32) of $3,830, with respect to her two sons.

32. As a consequence of the foregoing, on her 2003 Return, Plaintiff claimed a refund of $4,341 ($511 + $3,830).

33. The Internal Revenue Service properly applied $511 of Plaintiff's claimed refund to a prior Federal income tax liability.

34. After filing her 2003 Return, Plaintiff received a Notice of Income Tax Examination Changes (Form 4549) from the Internal Revenue Service, which Notice proposed to disallow Plaintiff's earned income credit, head of household filing status, and dependency exemptions. The Notice also proposed an additional Federal income tax of $176. Ultimately, because Plaintiff did not file a Petition with the United States Tax Court contesting the Internal Revenue Service's proposed deficiency, all of the Internal Revenue Service's proposed changes were properly given legal effect.

35. Pursuant to 26 U.S.C. §§32(a)(1), Plaintiff qualifies for the earned income credit because Plaintiff is an "eligible individual," as defined in 26 U.S.C. §32(c)(1)(A)(i). Plaintiff qualifies as an "eligible individual" because each of her two sons, C. H. and A. H., is a "qualifying child," as defined in 26 U.S.C. §32(c)(3). In order to be a "qualifying child" a child must: (a) bear a relationship to the taxpayer specified in 26 U.S.C. §32(c)(3)(B)(i)(I); (b) reside in the same principal place of abode as the taxpayer for more than one-half of such taxable year (26 U.S.C. §32(c)(3)(A)(ii)); and (c) meet the age requirements of 26 U.S.C. §32(c)(3)(C). Both C. H. and A.H. are the Plaintiff's birth sons (§32(c)(3)(B)(i)(I)), under age nineteen (§32(c)(3)(C)(i)), and were residents of the same principal place of abode as Plaintiff throughout 2001 (§32(c)(3)(A)(ii)).

36. Although Plaintiff properly claimed each of her two sons as personal exemptions and properly filed as head of household, Plaintiff is not contesting those adjustments.

37. Plaintiff has never received a refund of the $3,830 earned income credit claimed on her 2003 Return.

38. Formal notice of disallowance of Plaintiff's refund claim with respect to her 2003 Return has not been issued by Defendant. Because six months have expired since the filing of Plaintiff's refund claim, Plaintiff may begin this suit under 26 U.S.C. §7422(a), pursuant to 26 U.S.C. §6532(a)(1).

**BURDEN OF PROOF**

39. Plaintiff has complied with the requirements set forth in 26 U.S.C. §§7491(a)(2)(A) and (B). Accordingly, if Plaintiff introduces credible evidence with

respect to any factual issue relevant to ascertaining her income tax liability for her 2001, 2002, and 2003 taxable years, the Secretary of the Treasury shall have the burden of proof with respect to such issue.

## JURY DEMAND

40. Plaintiff hereby demands a jury on all issues triable by a jury.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in the amount of $ 12,676: the sum of: (i) the 2001 tax refund wrongfully withheld from Plaintiff ($4,706); (ii) the 2002 tax refund wrongfully withheld from Plaintiff ($4,140); and (iii) the 2003 tax refund wrongfully withheld from Plaintiff ($3,830); or such amounts as Plaintiff may be entitled to, together with costs and interest as allowed by law, and for such other relief as the Court may deem appropriate.

s/ **Robert G. Nassau**
Robert G. Nassau (Bar Number 512323)
Attorney for Plaintiff
Syracuse University College of Law
Low Income Taxpayer Clinic
Office of Clinical Legal Education
P.O. Box 6543
Syracuse, NY 13217-6543
Telephone: 315-443-4582
Facsimile: 315-443-3636
E-mail: Rnassau@syr.edu

Dated: January 4, 2010