UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLENE DAVIS BRELAND, f/k/a
Charlene Breland,

                          Plaintiff,

v.

UNITED STATES OF AMERICA,

                          Defendant.
_____

5:10-CV-0007
(GTS/GHL)

APPEARANCES:                                          OF COUNSEL:

SYRACUSE UNIVERSITY COLLEGE OF LAW          ROBERT G. NASSAU, ESQ.
   Counsel for Plaintiff
Office of Clinical Legal Education
306 MacNaughton Hall
Syracuse, New York 13217-6543

U.S. DEPT. OF JUSTICE – TAX DIVISION          WILLIAM C. ELWELL, ESQ.
   Counsel for Defendant
555 4th Street NW
Washington, DC 20001

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this tax refund action filed by Charlene Davis Breland

("Plaintiff") against the United States of America ("Defendant"), is Defendant's motion to

dismiss Plaintiff's claims against it for lack of subject-matter jurisdiction pursuant to Fed. R.

Civ. P. 12(b)(1).  (Dkt. No. 5)  For the reasons set forth below, Defendant's motion is granted,

and Plaintiff's Complaint is dismissed in its entirety with prejudice.

I.      RELEVANT BACKGROUND

    A.      Plaintiff's Claims

    Generally, liberally construed, Plaintiff's Complaint, filed on January 4, 2010, claims that

Defendant improperly denied her federal income tax refunds for the years 2001, 2002, and 2003.

(Dkt. No. 1.)

    More specifically, Plaintiff alleges as follows: (1) in 2001, when she filed her federal

income tax return, she properly filed as "head of the household," claimed a child tax credit and

dependency exemptions with respect to her two birth sons, reported income taxes withheld, and

claimed an additional child tax credit and an earned income tax credit with respect to her sons;

(2) based on her filings, and claimed credits and exemptions, she properly claimed a refund of

$4,706.00; (3) after filing her 2001 Return, she received a Notice of Income Tax Examination

Changes (Form 4549) from the Internal Revenue Service ("IRS"), which "proposed to disallow

her earned income credit, child tax credits, head of household filing status, and dependency

exemptions"; (4) the Notice "also proposed an additional Federal income tax of $1,234.00"; (5)

"Plaintiff did not file a Petition with the United States Tax Court contesting the [IRS]'s proposed

deficiency"; (6) as a result, "all of the [IRS]'s proposed changes were properly given legal

effect"; (7) Defendant failed to issue a formal notice of disallowance of Plaintiff's refund claim

with respect to her 2001 Return; (8) in 2002, when she filed her federal income tax return, she

properly filed as "head of the household," claimed a child tax credit and dependency exemptions

with respect to her sons, reported income taxes withheld, and claimed an additional child tax

credit and an earned income tax credit with respect to her sons; (9) based on her filings, and

claimed credits and exemptions, she properly claimed a refund of $4,497.00; (10) the IRS

2

"properly applied $357.00 of Plaintiff's claimed refund to a prior Federal income tax liability"; (11) "[s]hortly after filing her 2002 Return, Plaintiff received notice that the [IRS] was disallowing Plaintiff's earned income credit because Schedule EIC was incomplete and not attached to her 2002 Federal income tax return"; (12) "Plaintiff promptly sent to the IRS a completed Schedule EIC and Form 8862"; (13) she never received a refund of the remaining $4,140.00 of earned income credit that she claimed on her 2002 Return; (14) Defendant failed to issue formal a notice of disallowance of Plaintiff's refund claim with respect to her 2002 Return; (15) in 2003, when she filed her federal income tax return, she properly filed as "head of the household," claimed dependency exemptions with respect to her two birth sons, reported income taxes withheld, and claimed an earned income tax credit with respect to her sons; (16) based on her filings, and claimed credits and exemptions, she properly claimed a refund of $4,341.00; (17) the IRS "properly applied $511.00 of Plaintiff's claimed refund to a prior Federal income tax liability"; (18) after filing her 2003 Return, she received a Notice of Income Tax Examination Changes (Form 4549) from the IRS, which "proposed to disallow Plaintiff's earned income credit, head of household filing status, and dependency exemptions"; (19) the Notice "also proposed an additional Federal income tax of $176.00"; (20) "Plaintiff did not file a Petition with the United States Tax Court contesting the [IRS]'s proposed deficiency"; (21) as a result, "all of the [IRS]'s proposed changes were properly given legal effect"; (22) "[a]lthough Plaintiff properly claimed each of her two sons as personal exemptions and properly filed as head of household, Plaintiff is not contesting [the IRS]'s adjustments"; (23) she never received a refund of the remaining $3,830.00 of earned income credit that she claimed on her 2003 Return; and (24) Defendant failed to issue a formal notice of disallowance of Plaintiff's refund claim with respect to her 2003 Return.  (*Id.*)

3

As relief for Defendant's alleged wrongful withholding of earned income tax credit, Plaintiff requests an award of $12,676.00.  (*Id*.)

**B.      Defendant's Motion**

Generally, in support of its motion to dismiss for lack of subject-matter jurisdiction, Defendant argues that Plaintiff is barred, pursuant to 26 U.S.C. § 6532(a)(1), from obtaining the recovery she seeks because she filed her Complaint more than two years after the IRS mailed her notices of disallowance of each of her refund claims.  (*See generally* Dkt. No. 6, Attach. 1 [Def.'s Memo. of Law].)

Generally, in response to Defendant's motion to dismiss, Plaintiff asserts the following three arguments: (1) the Court should treat Defendant's *purported* motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 because (a) a motion to dismiss based on a statute of limitations is properly treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and (b) Defendant relies on record evidence in support of its statute of limitations argument, necessitating the conversion of that motion to dismiss for failure to state a claim into one for summary judgment; (2) the two-year statute of limitations was not triggered for any of the tax years involved in this case because (a) the IRS did not mail any notice of disallowance to Plaintiff for the 2001 tax year, and (b) the notices of disallowance mailed to Plaintiff for the 2002 and 2003 tax years "were not legally sufficient and did not provide Plaintiff with statutorily and constitutionally required notice of her right to contest the adverse determination by bringing suit in a United States District Court or the United State Court of Claims"; and (3) "[a]pplying the statute of limitations would deprive Plaintiff of property in violation of her Fifth Amendment right to due process of the law."  (*See generally* Dkt. No. 8 [Plf.'s Response Memo. of Law].)

Generally, in its reply, Defendant reiterates its argument that Plaintiff's claims are barred by the statute of limitations because the record demonstrates that the IRS provided proper notice of disallowance for the years 2001, 2002, and 2003.  (Dkt. No. 9 [Def.'s Reply Memo. of Law].)

## II.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing Statute of Limitations Defense Asserted by United States

Ordinarily, a statute of limitations defense asserted as a pre-answer affirmative defense is properly considered as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).  However, "[w]hen an action is brought against the United States government, compliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist."  *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991).  "Accordingly, the statute of limitations may operate in suits against the United States not only as an affirmative defense, . . . but also may deprive a court of subject matter jurisdiction over an action that is not timely filed."  *Williams*, 947 F.2d at 39; *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008) ("Some statutes of limitations . . . seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency. . . .  As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as 'jurisdictional' . . . and has long interpreted the court of claims limitations statute as setting forth this second, more absolute, kind of limitations period.") [citations omitted].

Here, Congress has placed beyond the subject-matter jurisdiction of a federal court

untimely filed tax refund claims,[1] thereby limiting the scope of the Government's waiver of

sovereign immunity.  As a result, Defendant's statute of limitations defense is properly analyzed

under Fed. R. Civ. P. 12(b)(1).  *Radioshack Corp. v. United States*, 566 F.3d 1358, 1359 (Fed.

Cir. 2009) (affirming trial court's decision, which held that, because plaintiff's refund claim was

filed outside of the time limits imposed by 26 U.S.C. § 6511[a], plaintiff was barred from

bringing suit pursuant to 26 U.S.C. § 7422, and which dismissed the untimely filed refund claim

for lack of jurisdiction under Fed. R. Civ. P. 12[b][1]).[2]

**B.      Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter
            Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen*

*Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Under Fed. R. Civ. P. 12(b)(1),

a court must grant a motion to dismiss when that court lacks subject-matter jurisdiction.  Fed. R.

---

[1]      *See* 26 U.S.C. § 6511.

[2]      *See also Comm'r v. Lundy,* 516 U.S. 235, 240 (1996) (noting that "the provisions governing refund suits in United States District Court or the United States Court of Federal Claims . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit"); *Rosenbluth Trading, Inc. v. United States*, 736 F.2d 43, 47 (2d Cir. 1984) (affirming district court's dismissal of refund claim for lack of subject matter jurisdiction because "[t]he filing of a timely refund claim is a jurisdictional requirement, which cannot be waived"); *Gabelman v. C.I.R.*, 86 F.3d 609, 611 (6th Cir. 1996) ("The Internal Revenue Code provides time limitations within which actions for refunds must be brought. . . .  The limitations period is jurisdictional in nature and cannot be waived."); *U.S. v. Schurz*, 113 F. Supp.2d 1250, 1252 (S.D. Ind. 2000) (dismissing claim for tax refund based on lack of subject matter jurisdiction where administrative claim for a refund was not filed either three years from the time that the tax return was filed or two years from the time the tax was paid); *Pitre v. I.R.S.*, 938 F. Supp. 95, 97 (D. N.H. 1996) ("The taxpayer's failure to satisfy statutory time limits constitutes a jurisdictional bar to any federal court lawsuit for a refund, regardless of whether the tax is alleged to have been erroneously, illegally, or wrongfully collected.") (internal quotation marks and citations omitted); *cf. W. Va. Highlands Conservancy v. Johnson*, 540 F. Supp.2d 125, 138 (D. D.C. 2008) ("[W]hen a party seeks to sue the United States pursuant to a waiver of sovereign immunity, the expiration of the limitations period has traditionally been construed as a bar to jurisdiction, and thus a proper subject for a motion to dismiss under Rule 12(b)(1).").

Civ. P. 12(b)(1).  "Rule 12(b)(1) challenges to subject matter jurisdiction are generally regarded

as following two forms."  *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp.2d 394, 404

(S.D.N.Y. 2002).  "The motion may attack either the facial sufficiency of the pleadings in the

complaint or the existence of subject matter jurisdiction in fact, irrespective of the substantive

causes of action asserted in the pleadings."  *Dow Jones & Co., Inc.*, 237 F. Supp.2d at 404.  "In a

facial challenge, the court accepts as true the uncontroverted factual allegations in the

complaint."  *Id*.  "By contrast, in connection with a factual challenge the court's review is not

confined to the pleadings, but may examine extraneous evidence submitted with the motion and

make any findings of fact necessary to determine the existence of subject matter jurisdiction."

*Id*.  "In that event, the court is not obligated to accord presumptive truthfulness to the allegations

of the complaint."  *Id*.  "Rather, it may weigh the evidence on the record accompanying the Rule

12(b)(1) motion, or hold an evidentiary hearing, and decide for itself the merits of the

jurisdictional dispute."  *Id*.  Finally, "[t]he burden of proving jurisdiction is on the party asserting

it."  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

### C.    Legal Standard Governing Claims Brought Under 26 U.S.C. § 7422

"Under settled principles of sovereign immunity, the United States is immune from suit

unless it consents to be sued."  *Sidney v. U.S., I.R.S., Dept. of Treasury*, 03-CV-0791, 2005 WL

724142, at *4 (W.D.N.Y. Mar. 30, 2005) (citing *United States v. Dalm*, 494 U.S. 596, 608

[1990]).  "The United States has specifically consented to suits for the recovery of erroneously

paid taxes."  *Sidney*, 2005 WL 724142, at *4 (citing *Miller v. United States*, 500 F.2d 1007, 1008

[2d Cir. 1974]).  "However, a taxpayer may only invoke the waiver of sovereign immunity for a

refund of purportedly overpaid taxes by complying with the requirements set forth in 26 U.S.C. §

7422 regarding the filing of a claim."  *Bastable v. I.R.S.*, 04-CV-0415, 2004 WL 3170534, at

*1-2 (E.D.N.Y. Dec. 27, 2004) (internal citations omitted).  Specifically, Section 7422(a) of the

Internal Revenue Code (the "Code") provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Secretary."  26 U.S.C. § 7422(a).

"Moreover, to satisfy the jurisdictional prerequisite to bringing an action in district court, the claim upon which the action is based must have been filed with the I.R.S. in a timely manner." *Sidney*, 2005 WL 724142, at *4 (citing *C.I.R. v. Lundy*, 516 U.S. 235, 240 [1996]).  To be timely, a "[t]ax refund lawsuit[] must be filed within two years of the date the IRS mailed a notice of disallowance to the taxpayer." *Battle v. I.R.S.*, 98-CV-4697, 1999 WL 350875, at *2 (S.D.N.Y. June 1, 1999) (citing 26 U.S.C. § 6532[a][1]).  "A taxpayer's failure to comply with a prerequisite to commencing suit in a federal court is a jurisdictional defect that cannot be waived." *Sidney*, 2005 WL 724142, at *3 (citing *Hynard v. I.R.S.*, 881 F. Supp. 92, 94 [E.D.N.Y. 1994]); *see also Battle*, 1999 WL 350875, at *2.

## III.   ANALYSIS

As stated above in Part I.B. of this Decision and Order, Defendant argues that Plaintiff's claims are barred by the statute of limitations set forth in 26 U.S.C. § 6532(a)(1) because she filed her Complaint more than two years after the IRS mailed her notices of the disallowance of each of her refund claims.  Based on the current record, the Court accepts Defendant's argument.

### A.   Plaintiff's 2001 Income Tax Return

In her 2001 federal income tax return, Plaintiff originally asserted a claim for a refund of $4,706.00, based in part on a claim for $3,042.00 of Earned Income Credit ("EIC").  As evidenced by the Form 4340 Certificate of Assessments, the IRS denied Plaintiff's claim for a refund and subsequently proposed additional tax liabilities of $1,234.  (Dkt. No. 6, Attach. 3.)  On August 25, 2003, the IRS sent Plaintiff a letter notifying her that the agency had "previously

denied all or part of the Earned Income Credit . . . claimed on [her] individual income tax return

for the [December 31, 2001] tax period . . . because [she] did not verify that [she was] entitled to

the credit [she] claimed or because of adjustments [the agency] made to [her] income and/or

expense during a previous audit that reduced the credit in part or in full." (Dkt. No. 6, Attach.

4.)  The letter also stated that, if Plaintiff sought to receive a refund for this EIC, she must

complete Form 8862, entitled "Information to Claim Earned Income Credit After Disallowance,"

and attach the form to the next return she files claiming the EIC.  (*Id*.)  As evidenced by the

Form 4340 Certificate of Assessments, the IRS also assessed a tax against Plaintiff on August

25, 2003, based upon her default of the 90-day notice of deficiency letter.  (Dkt. No. 6, Attach.

3.)[3]  On November 22, 2004, the IRS sent Plaintiff a notice (Form 4700) indicating that it was

"closing [Plaintiff's] 2001 reconsideration case and made no changes to it because [Plaintiff] did

not provide [the agency] with the documentation that [it] previously requested."  (Dkt. No. 6,

Attach. 5.)

     Plaintiff argues that the statute of limitations has not begun to run on her refund claim for

the 2001 tax year because Defendant "simply did not mail any notice of disallowance to the

Plaintiff for 2001," and, "while the statute does not require the IRS to prove that the taxpayer

actually received notice, the IRS must be able to prove that notice was mailed."  (Dkt. No. 8.)

Plaintiff further argues that, "because this motion should be treated as a Rule 56 motion for

summary judgment, . . . Defendant has the burden of demonstrating that [no] genuine issue of

material fact exists as to whether notice was mailed for 2001."  (*Id*. at 10 [citation omitted].)

---

[3]    Pursuant to 26 U.S.C. § 6213(a), a taxpayer has 90 days from the date of receipt of a notice of deficiency to file with the United States Tax Court a request to contest the IRS's determination of tax liability.

As an initial matter, for the reasons stated above in Part II.A. of this Decision and Order, the Court rejects Plaintiff's argument that Defendant's motion "should be treated as a Rule 56 motion for summary judgment," thereby placing "the burden of demonstrating that [no] genuine issue of material fact exists as to whether notice was mailed for 2001" on Defendant.  Rather, under the circumstances, the burden of proving jurisdiction is on Plaintiff.  *See Robinson*, 21 F.3d at 507.[4]  Plaintiff has not met this burden.

In support of its argument that the IRS provided Plaintiff with a notice of disallowance for her 2001 refund claim, Defendant has adduced the following three pieces of evidence: (1) the Form 4340 Certificate of Assessments, which indicates that the IRS (a) denied Plaintiff's claim for a refund and subsequently proposed additional tax liabilities of $1,234, and (b) assessed a tax against Plaintiff on August 25, 2003, based upon her default of the 90-day notice of deficiency letter; (2) the letter notifying Plaintiff (a) why the IRS "previously denied all or part of the Earned Income Credit" that she claimed, and (b) how she could pursue the claimed EIC in the future (i.e., by completing Form 8862, entitled "Information to Claim Earned Income Credit After Disallowance); and (3) the Form 4700 notice, which indicates that the IRS was "closing [Plaintiff's] 2001 reconsideration case and made no changes to it because [Plaintiff] did not provide [the agency] with the documentation that [it] previously requested."

The Court finds that these three pieces of evidence support a finding that the IRS provided Plaintiff with a notice of disallowance.  More specifically, with regard to the Form 4340 Certificate of Assessments, evidence that a 90-day notice of deficiency letter was sent to

---

[4]     For example, the Court notes that, even if the absence of any motion made by a defendant, a district court may dismiss an action for lack of subject-matter jurisdiction, if a plaintiff has not shown that the court possesses such subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Plaintiff, on which she defaulted, supports a finding that the IRS provided Plaintiff with a notice of disallowance, because sending a notice of deficiency letter presupposes that the taxpayer has been provided with notice of disallowance.  With regard to the letter notifying Plaintiff why the IRS "previously denied all or part of the Earned Income Credit" that she claimed, implicit in the indication that Plaintiff may pursue her claimed EIC in the future by completing Form 8862, entitled "Information to Claim Earned Income Credit After Disallowance" is that her claimed EIC has been disallowed.  Finally, with regard to the Form 4700, pursuant to 26 U.S.C. § 6532(a)(4), the reconsideration of Plaintiff's claim must have "follow[ed] the mailing of a notice by certified mail or registered mail of disallowance . . . ."  26 U.S.C. § 6532(a)(4).  In other words, "reconsideration" cannot occur until after "the mailing of a notice by certified mail or registered mail of disallowance."

The Court notes that these IRS administrative files are generally "presumed to be true, accurate, and correct."  *Harris v. United States*, 44 Fed. Cl. 678, 682 (Fed. Cl. 1999); *see Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991) ("A Certificate of Assessments and Payments is routinely used to prove that a tax assessment has in fact been made."); *Intersport Fashions W. v. United States*, 84 Fed. Cl. 454, 458 (Fed. Cl. 2008) ("A Certificate of Assessments and Payments, also referred to as Form 4340, is presumptive proof of a valid assessment.") (internal quotation omitted); *W. Mgmt. v. United States*, 45 Fed. Cl. 543, 549 (Fed. Cl. 2000) (noting that it is "well established that a tax assessment is presumptively correct and that the taxpayer bears the burden of persuasion that the Commissioner's assessment is erroneous").

Furthermore, Plaintiff has failed to adduce any record evidence to rebut the presumption that the IRS administrative files, which support a finding that Plaintiff received a notice of disallowance, are inaccurate.

11

For these reasons, the Court concludes that Plaintiff received a notice of disallowance, at the latest, 90 days before August 25, 2003, or on May 27, 2003.  As a result, Plaintiff was required to file suit by May 27, 2005, in order to proceed with her refund claim for the 2001 tax year.  *See* 26 U.S.C. § 6532(a)(1).  However, Plaintiff did not file her Complaint until January 4, 2010.  (Dkt. No. 1.)  As a result, the Court finds that it is deprived of subject-matter jurisdiction to hear Plaintiff's refund claim for the 2001 tax year because Plaintiff failed to file suit within the statute of limitations.  *See Battle*, 1999 WL 350875, at *2.

In the alternative, the Court finds that, even assuming that the evidence adduced by Defendant does not support a finding that Plaintiff received a notice of disallowance, Plaintiff's refund claim for the 2001 tax year would nonetheless be dismissed under the general six-year statute of limitations applicable in cases where a notice of disallowance has not been sent.

Title 28, Section 2401(a) of the United States Code, which governs actions against the United States, provides that "every civil action shall be barred unless the complaint is filed within six years after the right of action first accrues."  However, it is well-settled that a specific requirement of statute of limitations for actions against the United States will prevail over the general limitations requirement of § 2401(a).  *See Gordon v. United States*, 649 F.2d 837, 844 (Ct. Cl. 1981) ("[I]n seeking a refund of taxes . . . a taxpayer must ascribe to the period of limitations established by I.R.C. §§ 6511(a) and 6532(a) rather than the 6 year period of 28 U.S.C. §§ 2501 and 2401"); *see also United States v. A.S. Kreider Co.*, 313 U.S. 443, 447 (1940) (holding that the claim for a tax refund is governed by the shorter period of limitations, rather than the general six year statute of limitations); *United Sand and Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 738 (5th Cir. 1980) (regarding wrongful levy action).

Having said that, it is also well-settled that the general statute of limitations set forth in 28 U.S.C. § 2401(a) "place[s] an outside limit" on a suit against the United States.  *A.S. Kreider*

12

*Co.*, 313 U.S. at 447.  "The six year limitation period, then, is an outside limit consistent with, but secondary to, the two year limitation period governing a tax refund."  *Finkelstein v. United States*, 943 F. Supp. 425, 432 (D. N.J. 1996) (noting that, "[i]f 26 U.S.C. § 6532 fails due to the lack of certified or registered mailing, 28 U.S.C. § 2401(a) acts as a secondary limitation period barring this action").

As set forth in 26 U.S.C. § 6532(a), a tax refund suit first accrues after "the expiration of six months from the date of filing the claim unless the Secretary renders a decision thereon within that time."  26 U.S.C. § 6532(a); *Finkelstein*, 943 F. Supp. at 432.[5]  Thus, Plaintiff's action could have accrued either on or about February 19, 2003 (i.e., six months after she filed her claim), or on or about May 27, 2003 (i.e., when she received the notice of deficiency letter, providing her with actual notice of disallowance).  In either case, more than six years passed before she filed her Complaint on January 4, 2010.

For this alternative reason, the Court finds that it is deprived of subject-matter jurisdiction to hear Plaintiff's claims based on the 2001 tax year for the alternative reason that Plaintiff failed to file suit within the general statute of limitations.

### B.    Plaintiff's 2002 and 2003 Income Tax Returns

In a letter dated August 15, 2007, the IRS informed Plaintiff that her refund claim of $4,140.00 for the 2002 tax year was disallowed.  (Dkt. No. 6, Attach. 7.)[6]  The letter expressly

---

[5]    *See also United States v. Michel*, 282 U.S. 656, 658-59 (1931) (noting that, where "the Commissioner did not act within six months, permission to sue did not depend upon the rejection of the claim or upon the giving of the notice [because] [b]y the terms of the statute the period within which the government consented to be sued commenced at the expiration of such six months, and [thus] . . . [w]hile the statute declares that the Commissioner within a specified time shall notify the taxpayer that his claim has been disallowed, it is nowhere stated that the Commissioner's failure to give the notice will in any event operate to extend the time for bringing suit").

[6]    Plaintiff filed amended returns for the 2002 tax year on May 16, 2007, and May 18, 2007.  (Dkt. No. 6, Attach. 7.)

stated that it was her "notice" that her claim for credit (or refund) was "disallowed."  (*Id*.)

Similarly, in a letter dated March 5, 2005, the IRS informed Plaintiff that her refund claim of

$4,006.00 for the 2003 tax year was disallowed.  (Dkt. No. 6, Attach. 9.)[7]  The letter expressly

stated that it was her "legal notice" that her claim for credit (or refund) was "disallowed."  (*Id*.)

        In her memorandum of law in opposition to Defendant's motion to dismiss, Plaintiff

argues that, although she received the notices of disallowance, the notices are deficient because

there is no evidence that either letter was sent by certified or registered mail.  However, a notice

of disallowance that is received cannot be challenged on the grounds that the method of service

was deficient.  *See Berger v. C.I.R.*, 404 F.2d 668, 673 (3d Cir. 1968) ("Subsection (a) authorizes

a notice of deficiency to be sent by registered or certified mail. In authorizing such method of

notice it does not forbid any other method. If a revenue agent personally delivers by hand a

notice of deficiency to the taxpayer it could not rationally be suggested that the notice was

invalid because it violated a requirement of subsection (a)."), *cert. denied*, 395 U.S. 905 (1969).[8]

Thus, even assuming that these letters were not sent by certified or registered mail, the notice

was sufficient.

        Given that Plaintiff received sufficient notices of disallowance with regard to both her

2002 and 2003 tax returns, Plaintiff was required to file suit (1) by August 15, 2009, in order to

proceed with her refund claim for the 2002 tax year, and (2) by March 5, 2007, in order to

---

        [7]        In her Complaint, although Plaintiff claimed a refund of $4,341.00 for the 2003
tax year, she alleges that she "is not contesting [the IRS]'s adjustments."  (Dkt. No. 1.)

        [8]        *See also Finkelstein*, 943 F. Supp. at 430 ("The fact that the Notice of
Disallowance may not have been mailed by certified or registered mail is of no moment in this
case. Ethel Finkelstein's actual receipt proves that the Notice of Disallowance was delivered.");
*Fellouzis v. United States*, 91-CV-1251, 1994 WL 782232, at *4 (M.D. Fla. Nov. 8, 1994)
("[W]hether the notices were sent by certified mail, registered mail, or by some other means
[under § 6532(a)(4) ] is not a material issue when the existence of the notice in the hands of the
Plaintiffs is not in dispute, and there is no dispute concerning the date of the mailing of the
notice.").

14

proceed with her refund claim for the 2003 tax year.  *See* 26 U.S.C. § 6532(a)(1).[9]  However, Plaintiff did not file her Complaint until January 4, 2010.  (Dkt. No. 1.)  As a result, the Court finds that it is deprived of subject-matter jurisdiction to hear Plaintiff's refund claims for the 2002 and 2003 tax years because she failed to file suit within the governing limitations period.  *See Battle*, 1999 WL 350875, at *2.

### C.   Plaintiff's Due Process Argument

In her memorandum of law in opposition to Defendant's motion to dismiss, Plaintiff argues that, "even if [the Court] finds that the alleged notices of disallowance are sufficient," the Court should not apply the statute of limitations because doing so "would deprive [her] of property in violation of her Fifth Amendment right to due process of the law."  (Dkt. No. 8.)  The Court rejects this argument, which is unsupported by legal citations.  Rather, the Court finds that Plaintiff has received all the process to which she is due under the circumstances.  *See Oropallo v. United States*, 994 F.2d 25, 31 (1st Cir. 1993) ("[I]t is well settled that post-collection judicial review accords a taxpayer all the process that is due under our tax laws. . . . Both this court and the district court have reviewed the IRS's denial of [Plaintiff's] refund claim and have issued opinions explaining that his claim is barred because it was untimely.  Thus, [Plaintiff] has received the post-collection judicial review to which he was entitled.").

---

[9]      Again, with regard to Plaintiff's refund claim for 2002, she filed amended returns for the 2002 tax year on May 16, 2007, and May 18, 2007.  She received a letter from the IRS on August 15, 2007, which informed Plaintiff that her refund claim for the 2002 tax year was disallowed.  Thus, Plaintiff had two years from the date she received her "notice" that her claim for credit for the 2002 tax year was "disallowed," or until August 15, 2009, to timely file her refund claim for the 2002 tax year.  With regard to Plaintiff's refund claim for 2003, she received a letter from the IRS on March 5, 2005, which informed Plaintiff that her refund claim for the 2002 tax year was disallowed.  Thus, Plaintiff had two years from the date she received her "notice" that her claim for credit for the 2003 tax year was "disallowed," or until March 5, 2007, to timely file her refund claim for the 2003 tax year.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss for lack of subject-matter jurisdiction

(Dkt. No. 6) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>** in its entirety.


Dated: September 15, 2011
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge